IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMILAH SHARIF-GYAN | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : Case No. 1:05CV02166 |
| | : Judge Colleen Kollar-Kotelly |
| CLAUDIA D. EATON | : |
| | : |
| Defendants | : |

**DISCOVERY CONFERENCE REPORT**

All parties to the captioned case, by undersigned counsel, respectfully submit this Discovery Conference Report in accordance with Local Rule 16.3 and Federal Rule 26.

On February 13, 2006, counsel for all parties conferred concerning each of the matters set forth in Local Rule 16.3(c). In accordance with Local Rule 16.3(d), this written report outlines the parties' proposed discovery plan and the agreements reached concerning the fourteen matters set forth in Local Rule 16.3(c). Additionally, the parties jointly will submit a proposed Scheduling Order with this report, agreed to by all parties, for the Court's consideration.

1. The parties agree that LRCV 16.3(c)(1), concerning preliminary dispositive motions, is not applicable, as the Defendants answered the Complaint and no motions are pending.

2. The parties agree that any other party should be joined or the pleadings amended by 30 days prior to the close of discovery, as set forth in the proposed Scheduling Order.

3. The parties agree that the case should not be assigned to a magistrate judge.

4. The parties agree that there is a realistic possibility of resolving the captioned

case and that the Court's Alternative Dispute Resolution ("ADR") procedures would be beneficial. The point in the litigation when ADR would be most appropriate is after some fact discovery has been completed, but prior to any expert discovery taking place, so as to avoid expert witness litigation expenses, if the case can be resolved. Concerning LRCV 16.3(c)(5)(v), cost saving advantages of ADR, the parties do not request a stay of discovery, but included an ADR deadline in their proposed Scheduling Order and allowed 60 days after the completion of fact discovery, but before the expert discovery deadline, to conduct ADR. There are no legal issues known at this time that require judicial resolution prior to ADR.

5. The parties included deadlines for filing dispositive motions in their proposed Scheduling Order.

6. The parties agreed to dispense with the initial disclosures required by Rule 26(a)(1), with the Court's permission, as this information will be provided sooner in Answers to Interrogatories.

7. The parties agreed to discovery deadlines. The specific dates are set forth in the parties' joint proposed Scheduling Order, filed herewith.

8. The parties agreed to exchange expert witness disclosures pursuant to Rule 26(a)(1) and agreed to deadlines for serving reports and completing expert discovery, as set forth in the proposed Scheduling Order.

9. The parties do not believe that this action should be bifurcated.

10. The parties request that the Court set the Pre-Trial Conference for a date in February of 2007. The parties request that the Court order that a trial date will be set at the Pre-Trial Conference (rather than setting a firm trial date at the first Scheduling

Conference, if any).

Respectfully submitted,

___/s/_____
Terence J. O'Connell   367054
O'Connell, O'Connell & Sarsfield
401 E. Jefferson Street
Suite 204
Rockville, MD  20850
(301) 424-2300
Attorney for Eaton


___/s/_____
John F. Mitchell        925412
Jonathan S. Resnick  372786
Resnick & Mitchell, L.L.P.
3655-A Old Court Road, Suite 1
Baltimore, Maryland 21208
(410) 484-9600
Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 13th day of February, 2006, a copy of the foregoing Discovery Conference Report was served electronically to:

John F. Mitchell, Esq.
Jonathan S. Resnick, Esq.
Resnick & Mitchell, L.L.P.
3655-A Old Court Road, Suite 1
Baltimore, Maryland 21208

                                                /s/
                                        Terence J. O'Connell